IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LILY C. SMITH,<br><br>          *Plaintiff,*<br><br>   v.<br><br>ADVANTAGE BEHAVIORAL<br>HEALTH SYSTEMS, GEORGIA<br>DEPARTMENT OF COMMUNITY<br>HEALTH, HEATHER PEARCE,<br>ANGELA WARREN, TAKENYA<br>MOORE, and<br>JUSTIN DUDKIEWICZ,<br><br>          *Defendants*. | CIVIL ACTION FILE NO.<br>3:17-CV-00128-CDL<br><br>JURY DEMAND |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff Lily C. Smith (hereinafter "Plaintiff") and files this Complaint against Defendants Advantage Behavioral Health Systems (hereinafter "Defendant ABHS"), the Georgia Department of Community Health (hereinafter "Defendant GDCH"), Defendant Heather Pearce (hereinafter "Defendant Pearce"), Defendant Angela Warren (hereinafter "Defendant Warren"), Defendant Takenya Moore (hereinafter "Defendant Moore"), and Defendant Justin Dudkiewicz

(hereinafter "Defendant Dudkiewicz") for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq.* (hereinafter "FMLA"), and the Consolidated Omnibus Budget Reconciliation Act of 1986 (hereinafter "COBRA"), Pub.L. 99-272, 100 Stat. 82, as implemented by the Employee Retirement Income Security Act of 1974, as amended, (hereinafter "ERISA"), 29 U.S.C. §1001 *et. seq.*, and more specifically §§601-608 of ERISA, 29 U.S.C. §§1161-1169, and by the Public Health Services Act (hereinafter "PHSA"), Pub.L.78-410, 58 Stat.682, 42 U.S.C. §201 *et. seq.*, and more specifically 42 U.S.C. §§300bb-1 through 300bb-8. The Plaintiff states more fully as follows:

## INTRODUCTION

### 1.

Plaintiff worked for Defendant ABHS within two (2) years preceding the filing of this Complaint. Plaintiff was terminated while on medical leave in violation of the FMLA. Additionally, Defendant ABHS and/or Defendant GDCH failed to provide notice of health care continuation coverage as required by COBRA as implanted by either ERISA or the PHSA. Defendant ABHS: (1) failed to provide Plaintiff

with the notices required under the FMLA; (2) failed to correctly inform Plaintiff of the time limit for retuning her medical certification form; (3) improperly terminated Plaintiff while on qualified medical leave; and Defendants ABHS and/or GDCH (4) failed to provide Plaintiff with a COBRA notice; and (5) failed to offer Plaintiff COBRA medical continuation coverage. Plaintiff seeks the following damages and equitable relief: (1) back wages from the date her FMLA leave would have expired to date of judgment; (2) an equal amount in liquidated damages; (3) reinstatement to her former position (including equal salary and benefits); (4) the daily statutory penalty for failing to provide a COBRA notice (currently $110 per day); (4) her unpaid medical expenses incurred as a result of failing to provide her with COBRA continuation coverage; and (5) her attorneys' fees and costs of litigation under both the FMLA and COBRA/ERISA/PHSA.

2.

In 2009, the U.S. Department of Labor issued revised regulations under the FMLA. Among other things, the revised regulations established a number of formal, written notices that covered employers must provide. *The failure by Defendant ABHS to provide these*

3

*mandated FMLA notices lies at the heart of this dispute.* The 2009 regulations require four (4) basic notices from the employer. First, the employer must provide the "general notice" described in 29 C.F.R. §825.300(a). Second, once an employee requests possible FMLA-qualifying leave, or gives an employer reason to suspect a leave request may qualify, then the employer must provide the employee with an "eligibility notice." *See* 29 C.F.R. §825.300(b). Third, along with the "eligibility notice," and in certain other situations, the employer must provide a written "rights & responsibilities notice." *See* 29 C.F.R. §825.300(c). When an employer requires medical certification, that requirement, along with others, must be included in the written "rights & responsibilities notice." *See* 29 C.F.R. §825.300(c)(ii), 29 C.F.R. §825.300(c)(2), 29 C.F.R. §825.300(c)(3) and 29 C.F.R. §825.300(c)(4). And fourth, the employer must provide the employee with a written "designation notice" stating that the requested leave does or does not qualify as FMLA leave. *See* 29 C.F.R. §825.300(d). If an employer requires a fitness-for-duty certification, that requirement must be conveyed in writing in the "designation notice." 29 C.F.R. §825.300(d)(3).

4

Here, Defendant ABHS did not provide the second, third and fourth types of FMLA notices, violated the regulations concerning medical certification and fitness-for-duty clearance, and terminated the Plaintiff two (2) weeks into her six-week-approved FMLA leave.  Failure to follow the notice requirements constitutes an interference with and restraint of the Plaintiff's rights under the FMLA.   29 C.F.R. §825.300(e) and 29 U.S.C. §2615(a)(1).  Defendant ABHS's termination of Plaintiff's employment while on FMLA leave constitutes interference with Plaintiff's rights under the FMLA. *See* 29 U.S.C. §2614(a)(1) and §2615(a)(1), and 29 C.F.R. §825.214, §825.215, and §825.220.

JURISDICTION

3.

Plaintiff brings this action under the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq*., the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et. seq*., and the Public Health Service Act, 42 U.S.C. §201 *et. seq*.   This Court has original jurisdiction pursuant to 29 U.S.C. §2617(a)(2), 29 U.S.C. §1132(e) and 29 U.S.C. §1132(f), and 28 U.S.C. §1331 and §1337.

VENUE

4.

Advantage Behavioral Health Systems is a "community service board," *see generally* O.C.G.A. §37-2-6, with its principal place of business at 250 North Avenue, Athens, Georgia 30601. Venue for this action properly lies in the Middle District of Georgia, Athens Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.4, M.D. Ga.

FACTS

5.

Plaintiff Lily C. Smith is a resident of Athens-Clarke County.

6.

Advantage Behavioral Health Systems is a "community service board" that provides a variety of mental health services in the Athens-Clarke County and surrounding northeast Georgia area.  *See generally* O.C.G.A. §37-2-6.

7.

Plaintiff was hired by Defendant ABHS on or about July 16, 2015 and was terminated on or about February 20, 2017.  This time period will henceforth be referred to as "the relevant time period."

8.

During the relevant time-period, Defendant ABHS maintained at least three (3) facilities in Athens-Clarke County and in northeast Georgia.

9.

During the relevant time-period, Defendant ABHS employed at least fifty (50) people within a seventy-five (75) mile radius of Athens, Georgia.

10.

Plaintiff was hired by Defendant ABHS on or about July 16, 2015.

11.

Plaintiff was initially employed by Defendant ABHS as a "Certified Peer Specialist" for the Early Psychosis Intervention Collaborative ("EPIC") Team, later became an "Engagement Specialist" and, finally (and at the time of her termination), a "Certified Peer Specialist" for the

Peer Support Program.  Her salary as a "Certified Peer Specialist" was approximately $21,500.00 per year plus benefits such as health insurance and retirement benefits.

12.

Plaintiff worked approximately forty (40) hours per week during her employment with Defendant ABHS.

13.

In mid-November of 2016, Plaintiff, at the suggestion of her supervisor, Defendant Angela Warren, Team Leader, took approximately six (6) weeks of FMLA medical leave.  Because Plaintiff's supervisor suggested the period of medical leave, Plaintiff obviously did not "request" FMLA leave.  Nonetheless, the Defendant ABHS treated the leave as FMLA medical leave.  See Exhibit 1, attached hereto, Decision of Hearing Officer, Georgia Department of Labor (citing Defendant Warren's job title).

14.

At the time of her November-December 2016 medical leave, the Defendant ABHS did not provide Plaintiff with the "eligibility notice" required under 29 C.F.R. §825.300(b).

8

15.

At the time of her November-December 2016 medical leave, the Defendant ABHS did not provide Plaintiff with a written copy of the "Rights & Responsibility Notice," required under 29 C.F.R. §825.300(c).

16.

Additionally, at the time of her November-December 2016 medical leave, the Defendant ABHS did not provide Plaintiff with a written copy of model "combined notice" promulgated by the U.S. Department of Labor, the "Notice of Eligibility, and Rights & Responsibility", as provided under 29 C.F.R. §825.300(b)(2).  *See also* DoL Form WH-381 (copy of model combined Notice).

17.

Finally, at the time of her November-December 2016 medical leave, the Defendant ABHS did not provide Plaintiff with a written copy of the "designation notice" required under 29 C.F.R. §825.300(d).

18.

Of particular significance, Defendant ABHS, in not providing the "designation notice" required under 29 C.F.R. §825.300(d), did not

inform Plaintiff, in writing, of any fitness-for-duty certification requirement.  See 29 C.F.R. §825.300(d)(3) and §825.312(d).

19.

During her November-December 2016, medical leave, Plaintiff was told to contact Defendant Heather Pearce, Payroll Benefits Coordinator, once every thirty (30) days to confirm her medical status and her intent to return to work.  See Exhibit 1, attached hereto, Decision of Hearing Officer, Georgia Department of Labor (citing Defendant Pearce's job title).

20.

Defendant Pearce told Plaintiff that she was required to have a fitness-for-duty form signed by a treating physician or therapist, and to return that form before she returned to work. Defendant Pearce gave Plaintiff a copy of the fitness-for-duty form for completion.

21.

Plaintiff did contact Defendant Pearce once during her November-December 2016 medical leave, Plaintiff did have the fitness-for-duty form completed and signed by her treating therapist, and she returned

it to Ms. Warren.  Plaintiff returned to full-time work at the beginning of January, 2017.

22.

In early January 2017, Plaintiff informed both Defendant Warren and Defendant Pearce that she would need to have in-patient surgery the following month and, according to her physician, would need approximately six (6) weeks of medical leave to recover and for continuing follow-up treatment by her physician.

23.

At this time (early January 2016), both Defendant Warren and Defendant Pearce gave their verbal approval for FMLA medical leave.

24.

Following their verbal approval of Plaintiff's February 2017 FMLA request, Defendant ABHS did not provide Plaintiff with a written "eligibility notice" required under 29 C.F.R. §825.300(b).

25.

Further, Defendant ABHS did not provide Plaintiff with an additional written copy of the "rights & responsibilities notice" required under 29 C.F.R. §825.300(c).

11

26.

Nor, at this time, did Defendant ABHS opt to use – and provide in writing to Plaintiff -  the Department of Labor's combined "Notice of Eligibility, and Rights & Responsibilities" form, as allowed 29 C.F.R. §825.300(b)(2).

27.

Of particular interest, if Defendant ABHS was going to require Plaintiff to submit a completed medical certification, that requirement should have been disclosed in writing on a new "rights & responsibilities notice" pursuant to 29 C.F.R. §825.300(c)(1)(ii), §825.300(c)(3) and §825.300(c)(4); 29 C.F.R. §825.305(a).  Additionally, the "rights & responsibilities notice" must state the time period in which the medical certification must be returned and the consequences of failing to provide a completed medical certification form.  29 C.F.R. §825.305(b), §825.305(d) and §825.300(c)(1)(ii).

28.

Once a determination was made that Plaintiff was potentially eligible for FMLA leave, Defendant ABHS should have then provided

her, within five (5) days, with a new "designation notice."  See 29 C.F.R.
§825.300(d); *see also* WHD form WH-382.

29.

Defendant ABHS did not provide Plaintiff with a written
"designation notice" related to her February 2017 medical leave.  See 29
C.F.R. §825.300(d); *see also* WHD form WH-382.

30.

Friday, February 3, 2017, was Plaintiff's last day at work prior to
her upcoming surgery.   On this day, Defendant Warren emailed
Plaintiff a medical certification form for completion but did not tell
Plaintiff when to return it.  See <u>Exhibit 2</u>, attached hereto, completed
medical certification form.

31.

During the Plaintiff's unemployment compensation hearing,
Defendant Warren, Team Leader and the Plaintiff's supervisor, testified
that she emailed the medical certification form to Plaintiff on Friday,
February 3, 2017, and told the Plaintiff to return the form on Monday,
February 6, 2017.   See <u>Exhibit 3</u>, attached hereto, Decision of the
Review Board, Georgia Department of Labor.

13

32.

During the Plaintiff's unemployment compensation hearing, Defendant Pearce, Payroll Benefits Coordinator, testified that she told the Plaintiff to return the form within seven (7) days. See Exhibit 3, attached hereto, Decision of the Review Board, Georgia Department of Labor.

33.

Under 29 C.F.R. §825.305(b), an employer must provide an employee with *at least* fifteen (15) days in which to return a medical certification form.

34.

However, because Defendant ABHS did not provide Plaintiff with a written "rights & responsibilities notice," 29 C.F.R. §825.300(c), which would have included the time-period requirement and a description of the consequences for failing to return a medical certification form, Defendant ABHS is precluded from taking any adverse action against Plaintiff related to any issue which would have been discussed in the "rights & responsibilities notice." See 29 C.F.R. §825.300(c)(1)(ii) and §825.305(d).

35.

On Monday, February 6, 2017, Plaintiff began her FMLA medical leave and more specifically had her pre-admission physician and hospital appointments.

36.

On Tuesday, February 7, 2017, Plaintiff underwent surgery at St. Mary's Hospital and was hospitalized for three (3) consecutive days.

37.

On Monday, February 20, 2017, Plaintiff had a follow-up visit with her treating physician and gave her the medical certification form; Plaintiff's physician completed the form and sent a copy via facsimile transmission to Defendant ABHS.  See <u>Exhibit 2</u>, attached hereto, completed medical certification form signed and dated February 20, 2017.

38.

During the last two weeks in February 2017, Plaintiff began calling Defendant Pearce to let her know how the surgery went, her recovery and her desire to return to work.  Plaintiff was unable to reach Defendant Pearce and her voicemails went unanswered.

15

39.

With a growing sense of concern, Plaintiff began calling Defendant Pearce on an almost daily basis.  No one answered the Plaintiff's telephone calls and no one would return her calls or respond to her voicemail messages.

40.

In very early March 2017, Plaintiff was finally able to reach Defendant Pearce, who seemed confused by the Plaintiff's telephone call and in particular by the Plaintiff's desire to return to work.  Defendant Pearce transferred the Plaintiff to Defendant Takenya Moore, Human Resources Generalist, who told Plaintiff that she had been terminated as of February 20, 2017, approximately two (2) weeks into Plaintiff's February FMLA leave.  See Exhibit 1, attached hereto, Decision of Hearing Officer, Georgia Department of Labor (citing Defendant Moore's job title).

41.

When asked by Plaintiff why she had been terminated, Defendant Moore was unable to provide a reason but did suggest that Plaintiff reapply – which Plaintiff did to no effect.

16

42.

During the unemployment compensation hearing, both Defendant Warren and Defendant Pearce testified that Plaintiff was terminated because she failed to provide her medical certification within the (differing) time periods.

43.

Upon her termination, Defendant ABHS has failed or refused to provide Plaintiff with a Separation Notice, as required by O.C.G.A. §§34-8-190(c), which would have stated the reason for her termination.

44.

On information and belief, Defendant ABHS terminated Plaintiff on February 20, 2017, for not providing the completed, signed medical certification form.

45.

As noted above, Plaintiff's physician completed, signed and sent via facsimile transmission the completed medical certification form on Monday, February 20, 2017.

46.

In addition to never receiving the required notices under the FMLA, and the Separation Notice required by O.C.G.A. §34-8-190(c), Plaintiff has also never received the COBRA health care continuation notice required by ERISA §606(a)(4), 29 U.S.C. §1166(a)(4).

## COUNT I:  FAILURE TO PROVIDE NOTICES
## UNDER THE FMLA

47.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

48.

During the relevant time-period, Defendant ABHS was an "employer" as defined in 29 U.S.C. §2611(4).

49.

During the relevant time period and having worked in excess of 1,250 hours in the twelve months preceding her November 2016 and February 2017 leave requests, Plaintiff was an "eligible employee" as defined in 29 U.S.C. §2611(2).

18

50.

Plaintiff's hospitalization for three (3) consecutive days and subsequent inability to perform one (1) or more of the essential functions of her job constituted a "serious health condition" as defined in 29 U.S.C. §2611(11).

51.

Immediately preceding her November 2016 leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

52.

Immediately preceding her February 2017 leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

53.

Regarding the Plaintiff's FMLA leave in November 2016, Defendant ABHS failed to provide her with the "eligibility notice" required under 29 C.F.R. §825.300(b).

54.

Regarding the Plaintiff's FMLA leave in November 2016, Defendant ABHS failed to provide her with the "rights & responsibility notice" required under 29 C.F.R. §825.300(c).

55.

Regarding the Plaintiff's FMLA leave in November 2016, Defendant ABHS failed to provide her with the "Notice of Eligibility, and Rights & Responsibility" as provided under 29 C.F.R. §825.300(b)(2).

56.

Regarding the Plaintiff's FMLA leave in November 2016, Defendant ABHS failed to provide her with a written copy of the "designation notice" required under 29 C.F.R. §825.300(d).

57.

Regarding the Plaintiff's FMLA leave in November 2016, Defendant ABHS did not inform Plaintiff, in writing, of any fitness-for-duty certification requirement.   29 C.F.R. §825.300(d)(3) and §825.312(d).

20

58.

Regarding the Plaintiff's FMLA leave in February 2017, Defendant ABHS failed to provide her with the "eligibility notice" required under 29 C.F.R. §825.300(b).

59.

Regarding the Plaintiff's FMLA leave in February 2017, Defendant ABHS failed to provide her with the "rights & responsibilities notice" required under 29 C.F.R. §825.300(c).

60.

Regarding the Plaintiff's FMLA leave in February 2017, Defendant ABHS failed to provide her with the "Notice of Eligibility, and Rights & Responsibilities" form, as allowed under 29 C.F.R. §825.300(b)(2).

61.

Regarding the Plaintiff's FMLA leave in February 2017, Defendant ABHS failed to provide her with a written description of Defendant's medical certification requirement, time limit for returning the medical certification form, and explanation of the consequences of failing to return the completed medical certification form as required

under   29   C.F.R.   §825.300(c)(1)(ii),   §825.300(c)(3),   §825.300(c)(4)
§825.305(a), §825.305(b), and §825.305(d)

62.

Regarding   the   Plaintiff's   FMLA   leave   in   February   2017,
Defendant ABHS failed to provide her with the "designation notice"
required under 29 C.F.R. §825.300(d).

63.

Defendant   ABHS'   failure   to   provide   the   mandated   notices
constitutes an illegal interference with the Plaintiff's rights under the
FMLA in violation of 29 U.S.C. §2615(a)(1) and 29 C.F.R. §825.300(e).
Plaintiff is entitled to recover her lost wages, liquidated damages in an
equal amount, her reasonable attorneys' fees and costs, and to be
reinstated to the same or equivalent position. 29 U.S.C. §2617(a)(1)(A),
29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT II:  FAILURE TO REINSTATE PLAINTIFF

## UNDER THE FMLA

### 64.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

### 65.

During the relevant time-period, Defendant ABHS was an "employer" as defined in 29 U.S.C. §2611(4).

### 66.

During the relevant time-period and having worked in excess of 1,250 hours in the twelve months preceding her February 2017 leave request, Plaintiff was an "eligible employee" as defined in 29 U.S.C. §2611(2).

### 67.

Plaintiff's hospitalization for three (3) consecutive days and subsequent inability to perform one (1) or more of the essential functions of her job constituted a "serious health condition" as defined in 29 U.S.C. §2611(11).

68.

Immediately preceding her February 2017 leave, the Plaintiff was entitled to at least four (4) weeks of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

69.

Plaintiff began her February 2017 FMLA leave on Monday, February 6, 2017.

70.

Defendant ABHS terminated Plaintiff's employment on February 20, 2017.

71.

Defendant ABHS's termination of Plaintiff's employment while on FMLA leave constitutes a violation of 29 U.S.C. §2614(a)(1) (job restoration rights), an impermissible interference with the Plaintiff's rights under the FMLA in violation of 29 U.S.C. §2615(a)(1), and unlawful termination under 29 U.S.C. §2615(a)(2).  Plaintiff is entitled to recover her lost wages, liquidated damages in an equal amount, her reasonable attorneys' fees and costs, and to be reinstated to the same or

equivalent position. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT III:  FAILURE TO PROVIDE COBRA NOTICE
## UNDER ERISA

### 72.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

### 73.

During the relevant time-period, and at the time of her termination, the Defendant ABHS offered, and Plaintiff participated in, a group health insurance plan (hereinafter called "the ABHS Plan").

### 74.

More specifically, at the time of her termination, medical insurance was provided to the Plaintiff under the ABHS Plan via insurance underwritten by Blue Cross & Blue Shield of Georgia, i.e., BC/BS's "Open Access HMO" insurance product.

75.

Defendant ABHS was the "plan sponsor" with regard to the ABHS Plan as defined in 29 U.S.C. §1002(16)(B), and the "plan administrator" as defined in 29 U.S.C. §1002(16)(A).

76.

The ABHS Plan constitutes an "employee welfare benefits plan" as defined in 29 U.S.C. §1002(1) and a "group health plan" as defined in 29 U.S.C. §1167(1).

77.

The Plaintiff was a "participant" with respect to the ABHS Plan as defined in 29 U.S.C. §1002(7), a "covered employee" as defined in 29 U.S.C. §1167(2) and a "qualified beneficiary" as defined in 29 U.S.C. §1167(3).

78.

Plaintiff's termination of employment by Defendant on February 20, 2017 constituted a "qualifying event" as defined in 29 U.S.C. §1163(2).

79.

At no time has the Defendant ABHS, in any capacity, provided Plaintiff with the notice required by 29 U.S.C. §1166(a)(4)(A).

80.

By failing or refusing to provide the notice required by 29 U.S.C. §1166(a)(4)(A), Defendant ABHS, as Administrator of the ABHS Plan, has violated 29 U.S.C. §1132(c)(1), and Plaintiff brings this action under 29 U.S.C. §1132(a)(1)(A) to recover the statutory penalty of $110.00 per day.

COUNT IV:  FAILURE TO PROVIDE CONTINUATION COVERAGE UNDER COBRA-ERISA

81.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

82.

Plaintiff restates and realleges paragraphs seventy-three (73) through seventy-eight (78).

83.

At no time has Defendant ABHS, in any capacity, offered Plaintiff health care continuation coverage as require by 29 U.S.C. §1161.

84.

By failing or refusing to provide Plaintiff with continuation coverage, Defendant ABHS, as Plan Sponsor and Plan Administrator of the ABHS Plan, has violated 29 U.S.C. §1161, and Plaintiff brings this action under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3) to recover her lost medical benefits (minus the applicable premium payments) and reinstate of her continuation coverage.

COUNT V:  INDIVIDUAL LIABILITY UNDER THE FMLA

85.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

86.

Defendants Heather Pearce, Angela Warren, Takenya Moore and Justin Dudkiewicz, jointly and severally, acting on behalf of Defendant ABHS, terminated and failed to reinstate Plaintiff in violation of the

FMLA, and as such, are liable under the Act's broad definition of "employer."  FMLA §101(4), 29 U.S.C. §2611(4)(A)(ii)(I).

87.

Defendant Warren, either inadvertently or intentionally, gave Plaintiff legally incorrect information when she told Plaintiff to return the medical certification form on Monday, February 6, 2017.   See Exhibit 3, attached hereto, Decision of the Review Board, Georgia Department of Labor.

88.

Likewise, Defendant Pearce, either inadvertently or intentionally, gave Plaintiff legally incorrect information when she told the Plaintiff to return the medical certification form within seven (7) days.   See Exhibit 3, attached hereto, Decision of the Review Board, Georgia Department of Labor.

89.

Additionally, Defendant Pearce refused to respond to Plaintiff's repeated telephone calls during the middle and last part of February 2017.

90.

Defendant Moore told the Plaintiff that she had been terminated but could offer no reason why.  Defendant Moore said that she was unable to reverse the decision and told Plaintiff to speak with Defendant Dudkiewicz, the head of Human Resources.

91.

Plaintiff spoke by telephone with Defendant Dudkiewicz, who could not or would not explain why Plaintiff had been terminated, but insisted that the decision could not be reversed.  Defendant Dudkiewicz encourage Plaintiff to reapply for employment with ABHS, which she did several times, all to no avail.

92.

On information and belief, Defendants Heather Pearce, Angela Warren, Takenya Moore and Justin Dudkiewicz were involved and participated in the decision to terminate Plaintiff's employment. The actions of Defendants Heather Pearce, Angela Warren, Takenya Moore and Justin Dudkiewicz, jointly and severally, constitute a violation of 29 U.S.C. §2614(a)(1) (job restoration rights), an impermissible interference with the Plaintiff's rights under the FMLA in violation of

29 U.S.C. §2615(a)(1), and unlawful termination under 29 U.S.C. §2615(a)(2). Plaintiff is entitled to recover against Defendants Heather Pearce, Angela Warren, Takenya Moore and Justin Dudkiewicz her lost wages, liquidated damages in an equal amount, and her reasonable attorneys' fees and costs. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT VI:  FAILURE TO PROVIDE COBRA NOTICE

## UNDER THE PHSA

### (Alternate Count)

#### 93.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

#### 94.

During the relevant time-period, and at the time of her termination, the Defendant ABHS offered, and Plaintiff participated in, a group health plan, as defined in 41 U.S.C. §300bb-8(1), known as the "State Health Benefit Plan" (hereinafter "SHBP") administered by Defendant GDCH.

95.

More specifically, at the time of her termination and as a participant in the SHBP, the Plaintiff had health insurance through the "Open Access HMO" policy underwritten by Blue Cross & Blue Shield of Georgia.

96.

Defendant GDCH is the "plan administrator" with regard to the SHBP as defined in 42 U.S.C. §300bb-8(4).

97.

The SHBP is governed by and subject to the health care continuation provisions of COBRA as implemented by the Public Health Service Act, 42 U.S.C. §300bb-1 through §300bb-8.

98.

The Plaintiff was, with respect to the SHBP, a "covered employee" as defined in 42 U.S.C. §300bb-8(2) and a "qualified beneficiary" as defined in 42 U.S.C. §300bb-8(3)(B).

99.

Plaintiff's termination of employment by Defendant ABHS on February 20, 2017 constituted a "qualifying event" as defined in 42 U.S.C. §300bb-3(2).

100.

Plaintiff was not terminated for "gross misconduct."

101.

Upon information and belief, Defendant ABHS did not provide Defendant GDCH, in its capacity as Plan Administrator, the noticed required by 42 U.S.C. §300bb-6(2).

102.

By failing or refusing to provide the notice required by 42 U.S.C. §300bb-6(2), Defendant ABHS has violated 42 U.S.C. §42 U.S.C. §300bb-7, and Plaintiff brings this action to obtain appropriate equitable relief against Defendant ABHS.

103.

Defendant GDCH did not provide Plaintiff with the notice of her rights under the PHSA as required by 42 U.S.C. §300bb-6(4).

104.

By failing or refusing to provide the notice required by 42 U.S.C. §300bb-6(4), Defendant GDCH has violated 42 U.S.C. §42 U.S.C. §300bb-7, and Plaintiff brings this action to obtain appropriate equitable relief against Defendant GDCH.

COUNT VII:  FAILURE TO PROVIDE CONTINUATION COVERAGE UNDER COBRA-PHSA

(Alternate Count)

105.

Plaintiff restates and realleges paragraphs four (4) through forty-six (46).

106.

Plaintiff restates and realleges paragraphs ninety-four (94) through one-hundred-three (103).

107.

At no time has Defendant GDCH, as Plan Administrator, offered Plaintiff health care continuation coverage as require by 42 U.S.C. §300bb-1(a), §300bb-2, and §300bb-5.

108.

By failing or refusing to provide Plaintiff with continuation coverage, Defendant GDCH, as Plan Administrator, has violated 42 U.S.C. §300bb-1(a), §300bb-2, and §300bb-5, and Plaintiff brings this action under 42 U.S.C. §300bb-7 for appropriate equitable relief.

## PRAYER FOR RELIEF

109.

Based upon the forgoing paragraphs, Plaintiff respectfully asks this Court to find and order the following:

A. That the Court grant Plaintiff a trial by jury as to all triable issues of fact;

B. That, pursuant to 29 U.S.C. §2617(a)(1), Defendant ABHS violated the Family and Medical Leave Act by (1) failing to provide the notices required under the FMLA, and (2) by

terminating Plaintiff in violation of her reinstatement rights under the FMLA;

C. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(i), Defendant ABHS be ordered to pay Plaintiff back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

D. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(ii), Defendant ABHS be ordered to pay Plaintiff interest on the value of her back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

E. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(iii), Defendant ABHS be ordered to pay Plaintiff liquidated damages in an amount equal to her back wages, lost benefits and interest thereon;

F. That, pursuant to 29 U.S.C. §2617(a)(1)((B), Defendant ABHS be ordered to reinstate Plaintiff to her last-held position (or equivalent) with the same salary and benefits;

G. That, Defendants Pearce, Warren, Moore and/or Dudkiewicz be held to be "employers" under the FMLA, 29 U.S.C. §2611(4)(A)(ii)(I), and that they violated the FMLA by terminating

Plaintiff in violation of her reinstatement rights under the FMLA, 29 U.S.C. §2617(a)(1).

H. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(i), Defendants Pearce, Warren, Moore and/or Dudkiewicz be ordered to pay Plaintiff back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

I. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(ii), Defendants Pearce, Warren, Moore and/or Dudkiewicz be ordered to pay Plaintiff interest on the value of her back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

J. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(iii), Defendants Pearce, Warren, Moore and/or Dudkiewicz be ordered to pay Plaintiff liquidated damages in an amount equal to her back wages, lost benefits and interest thereon;

K. That, pursuant to 29 U.S.C. §1161 and 29 U.S.C. §1166, Defendant ABHS violated the COBRA health care continuation provisions of ERISA by (1) failing to provide the required COBRA

notice, and (2) failing to provide Plaintiff with health care continuation coverage;

L. That, pursuant to 29 U.S.C. §1166, 29 U.S.C. §1132(c)(1) and 29 U.S.C. §1132(a)(1)(A), Defendant ABHS be ordered to pay Plaintiff the sum of one hundred and ten dollars ($110.00) per day for failure to provide her with the required COBRA notice;

M. That, pursuant to 29 U.S.C. §1161 and 29 U.S.C. §1132(a)(1)(B), Defendant ABHS be ordered to pay Plaintiff all medical expenses incurred by her due to Defendant's failure to provide Plaintiff with COBRA health care continuation coverage (minus the applicable premiums);

N. That, pursuant to 29 U.S.C. §1161 and 29 U.S.C. §1132(a)(3), Defendant ABHS be ordered to reinstate Plaintiff's continuation coverage;

O. That, pursuant to 42 U.S.C. §300bb-6(2), Defendant ABHS violated the PHSA by not providing the required employer notification to  Defendant GDCH, in its capacity as Plan Administrator;

P. That, pursuant to §42 U.S.C. §300bb-7, Defendant ABHS be ordered to pay any lost medical benefits incurred by the Plaintiff and for such further equitable relief as may be appropriate;

Q. That, pursuant to 42 U.S.C. §300bb-6(4), Defendant GDCH violated the PHSA by not providing Plaintiff with the notice of her rights, and pursuant to 42 U.S.C. §300bb-1(a), §300bb-2, and §300bb-5, Defendant GDCH violated the PHSA by not providing the Plaintiff with health care continuation coverage

R. That, pursuant to 42 U.S.C. §42 U.S.C. §300bb-7, Defendant GDCH be ordered to pay any lost medical benefits incurred by the Plaintiff, that Defendant GDCH be ordered to provide Plaintiff with continuation coverage under the State Plan, and for such further equitable relief as may be appropriate;

S. That, pursuant to 29 U.S.C. §2617(a)(3) and 29 U.S.C. §1132(g), Defendants be ordered to pay Plaintiff's reasonable attorneys' fees and costs of this action; and,

T. For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this seventh (7th) day of December 2017.


                                        _/s/   Peter H. Steckel_____
                                        Peter H. Steckel
                                        Georgia Bar Number 491935
                                        Counsel for Plaintiff


1902 Alderbrook Road
Atlanta, Georgia  30325
(404) 717-6220
Email:  peterhs1974@yahoo.com

# EXHIBIT 1



GEORGIA DEPARTMENT OF LABOR - APPEALS TRIBUNAL
148 Andrew Young Intl Blvd NE,Ste 525, Atlanta,GA 30303-1734
404-232-3900   Fax 404-232-3901
appeals@gdol.ga.gov

DECISION OF ADMINISTRATIVE HEARING OFFICER - DOCKET# 10654-17

Appealing Party  Employer                    Decision Mailed      05/11/2017
Appeal Filed     04/20/2017                  Appeal Rights Expire 05/26/2017
Hearing Date     05/08/2017


Claimant                                      LILY C.SMITH
LILY C.SMITH                                  2505 W.BROAD ST.APT#325
                                              ATHENS,GA 30606
Employer
ADVANTAGE BEHAVIORAL


APPEARANCES: This was a telephone hearing conducted with the Claimant
participating, and representing the employer was Takenya Moore, Human
Resources Generalist, Angela Warren, Team Leader, and Heather Pierce,
Payroll Benefits Coordinator.

O.C.G.A. PROVISIONS AND ISSUES INVOLVED: OCGA Section 34-8-194(2) -
Whether the discharge or suspension of the claimant was for failure to
follow orders, rules or instructions or failure to perform the duties
for which employed.

OCGA Section 34-8-157(b) - Whether the employer supplied written
separation information to the Department of Labor in a timely manner.

FINDINGS OF FACT: The claimant worked for the above employer as a CPS
beginning July 16, 2015, through February 3, 2017. The claimant was
terminated on February 20, 2017, after she failed to return complete
and submit her FMLA paperwork to approve her absences. The claimant
needed to have completed her paperwork within one week of her leave.
The claimant's leave began February 6, 2017. According to the
claimant, her doctor submitted her paperwork. The claimant did not
call and actually speak with someone with the employer to confirm
receipt of her FMLA paperwork. The claimant did not provide any
evidence or witnesses to support she did indeed submit her FMLA forms
by the deadline. The claimant has taken FMLA leave before and met the
FMLA requirements.

The employer failed to provide timely separation information to the
Department. Their explanation for the timely separation information
being late was due to their third party corporate cost control being
responsible for submitting their information.


See reverse side

LILY C.SMITH                              Docket# 10654-17
                                          Page 2

REASONS FOR DECISION: O.C.G.A. Section 34-8-194(2)(A) provides for a
disqualification when a claimant is discharged or suspended for
failure to obey rules, orders or instructions or for failure to
perform the duties for which employed. Before a disqualification is
imposed, it must be shown that the claimant was at fault by a
deliberate action or conscious neglect, which caused the failure to
satisfactorily perform.

In this case, credible testimony and evidence in the record shows that
the claimant was at fault for her termination. The employer has the
right to expect their employees to provide the proper medical
documentation to support their absences. The claimant did not confirm
with the employer that her doctor submitted her FMLA paperwork. The
claimant was responsible for ensuring her paperwork was in the hands
of the employer. Therefore, a disqualification is required in
accordance to the above cited provisions of the Law.

O.C.G.A. Section 34-8-157(b)(3) provides that an employer may be
charged for benefits paid if the employer fails to provide a timely,
written response to the notice of claim filing, even if the
determination is reversed later on appeal. The employer failed to
furnish written separation information in a timely manner.

O.C.G.A. Section 34-8-254 requires that a claimant repay the
Unemployment Insurance Compensation Trust Fund for any benefits
received during a period of disqualification. In the present case, the
claimant has received such benefits and will be required to repay the
fund. The Commissioner may waive repayment of any non-fraudulent
overpayment of benefits if the Commissioner determines such repayment
to be inequitable.

DECISION: The determination released by the Department April 6, 2017,
allowing unemployment insurance benefits effective March 12, 2017, is
reversed. The claimant shall be disqualified beginning March 12, 2017.
This disqualification shall continue until the claimant obtains
subsequent employment and earns insured wages equal to at least ten
(10) times their weekly benefit amount, an amount of $3,300.00 as
provided for by O.C.G.A. Section 34-8-194(2)(A).

Although a disqualification was imposed, employer will be charged for
benefits paid for the period of unemployment or the amount of wages
paid during the period beginning with the base period of the claim,
whichever is less in accordance with O.C.G.A. Section 34-8-157(b)(3).

# EXHIBIT 2

Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 5/31/2018

**SECTION I: For Completion by the EMPLOYER**

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: _Advantage BHS - Hether Pierce   706-389-6739 Ext 1146_

Employee's job title: _Community Services Tech 2_   Regular work schedule: _8-4p. M-F_

Employee's essential job functions: _lead groups, interact w/ clients, manage caseload, documentation._

Check if job description is attached:

**SECTION II: For Completion by the EMPLOYEE**

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _LILY_          _CHRISTINA_               _SMITH_
First                        Middle                        Last

**SECTION III: For Completion by the HEALTH CARE PROVIDER**

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: _Camille McPherson, 1181 langford Dr. Watkinsville GA 30677_

Type of practice / Medical specialty: _OBGYN_

Telephone: (_706_) _227-8999_        Fax: (_706_) _227-6118_

Form WH-380-E  Revised May 2015

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _Surgery date 2·7·17_

   Probable duration of condition: _6 wks after surgery_

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   ____ No  _X_ Yes. If so, dates of admission:
   _2·7·17 – 2·9·17_

   Date(s) you treated the patient for condition:
   _9·29·16, 12·14·16, 1·30·17, Post op appt 2·24·17_

   Will the patient need to have treatment visits at least twice per year due to the condition? _X_ No ____ Yes.

   Was medication, other than over-the-counter medication, prescribed? _X_ No ____ Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   _X_ No ____ Yes. If so, state the nature of such treatments and expected duration of treatment:

   _____

2. Is the medical condition pregnancy? _X_ No ____ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ____ No _X_ Yes.

   If so, identify the job functions the employee is unable to perform:
   _As of Surgery date no work thru 6 weeks_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _Abdominal myomectomy on 2·7·17 to relieve symptoms_

**PART B: AMOUNT OF LEAVE NEEDED**

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  ___No  X Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: 2·7·17 – 3·21·17

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  ___No  X Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___No  X Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   6 Week Post Operative appointment

   Estimate the part-time or reduced work schedule the employee needs, if any:

   ___∅___ hour(s) per day;  ___∅___ days per week from 2·7·17 through 3·21·17

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___No  ___Yes.

   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ___ No  ___ Yes. If so, explain:

   n/a

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency          : _____ times per _____ week(s) _____ month(s)

           Duration: _____ hours or _____ day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:**

   n/a

_____
**Signature of Health Care Provider**

2/20/17
**Date**

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Form WH-380-E Revised May 2015

# EXHIBIT 3



GEORGIA DEPARTMENT OF LABOR - BOARD OF REVIEW
Suite 510, 148 Andrew Young International Blvd. NE
Atlanta, GA 30303-1751
404-232-3325  Fax 404-232-3339
BoardofReview@gdol.ga.gov

Appealing Party  Claimant                    Docket# 10654B-17
                                              CC# 4100
Appeal Filed      05/25/2017

Claimant                                      LILY C SMITH
LILY C SMITH                                  2505 W BROAD ST
                                              APT #325
Employer                                      ATLANTA GA  30606
ADVANTAGE

DECISION: After notice to the parties, the Board of Review carefully
considered the record evidence and the contentions of the parties in
the above matter.

Upon careful consideration of the evidence in the record and the
contentions of the parties, the Board of Review finds the claimant
worked one year and seven months as a CPS for the named employer. The
employer discharged the claimant because she failed to submit her
Family Medical Leave Act (FMLA) paperwork. The administrative hearing
officer reversed the initial determination in order to disqualify
benefits effective March 12, 2017, under the discharge provisions of
O.C.G.A. Section 34-8-194(2)(A).

The claimant informed her employer that she would need 6 weeks off to
recover from major surgery scheduled for Tuesday, February 7, 2017.
The payroll benefits coordinator testified, employees have 7 days from
the date FMLA paperwork is sent to respond. If the employee does not
respond by the deadline, they follow-up with the employee. She had no
conversations with the claimant regarding her last leave because the
instructions were the same as before when the claimant went on leave.
She forwarded the FMLA paperwork to the supervisor to send to the
claimant. The supervisor testified, she emailed the FMLA paperwork to
the claimant on Friday, February 3, 2017, with a deadline of Monday,
February 6, 2017. The supervisor did not follow-up after the claimant
did not respond.

See next page

LILY C SMITH
Docket# 10654B-17
Page 2

The claimant testified, the supervisor provided no deadline, and advised her to submit the FMLA as soon as she could. On or about February 14, 2017, the claimant had a follow-up visit with her physician. Her physician assured her at that visit the FMLA paperwork would be faxed to her employer. She made numerous attempts to confirm the employer received her paperwork, but was unable to make a connection. She finally spoke to the employer in March 2017, and was advised of her termination effective February 20, 2017, while she was under the care of her physician.

The employer had an obligation to provide a reasonable deadline for the claimant to respond, and based on their business practice they had an obligation to follow-up with the claimant when they did not receive her response. Both the payroll benefits coordinator and the supervisor failed to provide a reasonable deadline to the claimant, and to follow-up with the claimant. As such, the claimant is not at fault in the cause of her discharge.

The employer has the sole burden of proof to show a just cause discharge. Presumption is with the claimant and public policy strongly favors the payment of benefits during periods of involuntary unemployment. The employer failed to carry the burden of proof to show the claimant was discharged for cause. Therefore, the Board finds, no disqualification is required.

Accordingly, the Board REVERSES the decision of the administrative hearing officer and ALLOWS benefits, effective March 12, 2017, under the provisions of O.C.G.A. Section 34-8-194(2)(B)(iii). The claimant shall be entitled to benefits for all weeks she met the reporting and eligibility requirements of O.C.G.A. Section 34-8-195.

Released at Atlanta, Georgia on 06/30/17

THE BOARD OF REVIEW

XERNONA C. BRADY
MEMBER

HARVEY K. PERSONS III
MEMBER

DECISION BECOMES FINAL 07/15/17

JUDICIAL REVIEW RIGHTS EXPIRE 07/30/17

LILY C SMITH

Docket# 10654B-17
Page 3

COPIES OF THIS DECISION WERE MAILED TO

LILY C SMITH
2505 W BROAD ST
APT #325
ATLANTA GA   30606

ADVANTAGE
C/O CORPORATE COST CTRL
PO BOX 1180
LONDONDERRY NH   03053